WILLIAM P. FITZGERALD
Fitzgerald Law Firm
214 North 24rd Street
PO Box 2338
Billings, MT 59103

Telephone: (406) 252-3322
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DAVID DORN | Cause No.: CV-10-7-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | |
| JONATHAN MYSSE, aka JONATHAN COLTOM MYSSE, ESTATE OF JONATHAN MYSSE and MYSSE RANCH CO. INC., and VINCENT T. RYAN | COMPLAINT And DEMAND FOR TRIAL BY JURY |
| Defendants. | |

I.

This Court has jurisdiction of this action under and by virtue of the provisions of 28 U.S.C. §1332 in that there is diversity of citizenship between the Plaintiff and the Defendants, and so the parties are citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

II.

Plaintiff David Dorn is a resident of the state of Michigan, residing in Stockbridge, Ingham County, Michigan.

### III.

At all times pertinent hereto, Defendant Vincent T. Ryan was and is a resident of the state of Montana, residing at or near Hinsdale, MT.

### IV.

At all times pertinent hereto, Defendant Jonathan Mysse was a resident of the state of Montana living of the area of Ingomar, Rosebud County, Montana. Jonathan Mysse died in the subject accident, and he may be represented in this action by a representative of his estate.

### V.

At all times pertinent hereto, Defendant Mysse Ranch Co., Inc. was a corporation or other business entity or an assumed name used by a corporate or business entity. This business entity had its principal place of business near Ingomar, Rosebud County, Montana, or alternatively at some other place in Montana; it is a Montana Corporation; it is registered to do business in the State of Montana.

### VI.

At all times pertinent hereto, Defendant Mysse Ranch Co., Inc. was operating through and by its agent, employee and/or servant, Jonathan Mysse.

### VII.

Jonathan Mysse at all times pertinent hereto, was acting as an individual and/or as the employee, agent and/or servant of Defendant Mysse Ranch Co., Inc. or was acting with or for Defendant Mysse Ranch Co., Inc., so that Defendant Mysse Ranch Co., Inc., has vicarious

liability for the tortious actions of Jonathan Mysse complained of herein, and the damages, actual and punitive, caused thereby.

### VIII.

On November 11, 2007, in the morning hours, at about 8 to 10 a.m., Plaintiff David Dorn was a passenger in a 2004 Pontiac sedan motor vehicle, which was then being operated by Jonathan Coltom Mysse. The Pontiac sedan was traveling northbound on U.S. Highway 87, south of Grass Range, and about 1.2 miles north of the intersection of Flatwillow Creek Road and U.S. Highway 87.

### IX.

At that time and place a 1996 Dodge sedan motor vehicle being operated by Vincent T. Ryan was traveling southbound on U.S. Highway 87, approaching the 2004 Pontiac vehicle then being operated by Jonathan Mysse.

### X.

At the said time and place Defendant Jonathan Mysse and Defendant Vincent T. Ryan, acting jointly or severally, operated their motor vehicles so that they collided with great force and violence, causing very serious and extensive personal injury to Plaintiff David Dorn.

### XI.

At that time and place Defendant Jonathan Mysse and Defendant Vincent T. Ryan jointly and severally had duties to Plaintiff David Dorn. Among the duties of each Defendant at the said time and place was the duty of each operator to act as a reasonably careful and prudent person would in the same circumstances, the duty of each vehicle operator to operate his vehicle while being reasonably attentive to and observant of road and traffic conditions, and the duty of each to

operate his vehicle in a safe and prudent manner, and at a speed that would allow him to respond to road and traffic conditions.

## XII.

Each Defendant, acting jointly and/or severally breached his duties, which he owed to Plaintiff David Dorn. These breaches of duty caused or resulted in the collision between two named motor vehicles, each being operated by a Defendant. At the time of the collision, both motor vehicles were traveling at high speeds. In the resulting collision Plaintiff David Dorn was thrown about violently in the 2004 Pontiac motor vehicle in which he was riding, causing him to suffer multiple serious injuries.

## XIII.

As a result or cause of the said breaches of duty and negligence of Defendant Jonathan Mysse and/or Defendant Vincent T. Ryan, acting jointly and/or severally, the Plaintiff David Dorn was caused to suffer damages from personal injuries, including but not limited to medical bills, ongoing pain and suffering, permanent physical impairment, disfigurement, and loss of normal way of life. Defendant Johnathan Mysse and/or Defendant Vincent T. Ryan, acting jointly and/or severally, are liable to the Plaintiff David Dorn for his damages from his personal injuries.

## XIV.

Defendant Jonathan Mysse and/or Defendant Mysse Ranch Co, Inc. did act or may have acted with actual malice in that they had knowledge of facts or intentionally disregarded facts that create a high probability of injury to the Plaintiff David Dorn, and persons like the plaintiff, and they deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to the Plaintiff David Dorn, or deliberately proceeded to act with

indifference to the high probability of injury to the plaintiff, or persons like the plaintiff. Defendant Jonathan Mysse and/or Defendant Mysse Ranch Co, Inc. are liable to the Plaintiff David Dorn for punitive damages.

WHEREFORE, Plaintiff David Dorn prays for and demands judgment against Defendants, jointly and severally, or any of them, for any or all of the following items of damages or relief:

1. For judgment against Defendants, jointly or severally, or otherwise.
2. For damages in an amount sufficient to compensate Plaintiff David Dorn for all of his personal injuries, including special and general damages.
3. For an award of money for punitive damages from Defendant Jonathan Mysse, or the Jonathan Mysee Estate, and/or Mysse Ranch Co., if warranted by the evidence;
4. For interest on special damages as provided by law;
5. For costs of suit;
6. For such other and further relief as this Court may deem proper.

**PLAINTIFF DEMAND A TRIAL BY JURY.**

DATED this 13th day of January, 2010.

FITZGERALD LAW FIRM

By: /s/ William P. Fitzgerald
WILLIAM P. FITZGERALD
Attorney for Plaintiff